IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Joseph Williams, ) | |
| ) | |
| Petitioner, ) | Case No. 8:14-cv-01195-TMC-JDA |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Andrew Mansukhani, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 23.] Petitioner, proceeding pro se, is a federal prisoner seeking relief pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on March 28, 2014[1] [Doc. 1] and supplemented his Petition on May 21, 2014 [Doc. 18]. On July 17, 2014, Respondent filed a motion for summary judgment. [Doc. 23.] On July 18, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), Petitioner was advised to respond to the motion and of the possible consequences if he failed to adequately respond. [Doc. 24.] Petitioner's response in opposition was filed on August 15, 2014. [Doc. 26.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion be granted and the Petition be denied.

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on March 28, 2014. [Doc. 1-1 (envelope stamped by correctional institution on March 28, 2014).]

**BACKGROUND**

**Southern District of Florida Proceedings**

Currently, and at the time he filed the Petition, Petitioner is incarcerated at Federal Correctional Institution ("FCI"), Estill. [Doc. 1-1 (enveloped marked as processed through FCI Estill).] On November 21, 2002, pursuant to a superseding indictment in the United States District Court for the Southern District of Florida ("the Florida District Court"), Petitioner was charged with one count of knowingly and intentionally possessing with intent to distribute five grams or more of cocaine base; two counts of knowingly and intentionally possessing with intent to distribute cocaine; three counts of knowingly and intentionally possessing with intent to distribute marijuana; one count of knowingly possessing a firearm in furtherance of a drug trafficking crime; and, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, one count of knowingly possessing a firearm and ammunition. [Southern District of Florida No. 1:02-cr-20786-CMA-1, Docket Entry 28.[2]] On July 24, 2003, a jury found Petitioner guilty of all charges except knowingly possessing a firearm in furtherance of a drug trafficking crime. [*Id.*, Docket Entry 158.] On March 18, 2004, Petitioner was sentenced to 360 months imprisonment for one count of possession with intent to distribute crack cocaine, two counts of possession with intent to distribute cocaine, and one count of possession of a firearm by a previously convicted felon; and 120 months imprisonment for three counts of

---

[2]It is appropriate for this Court to take judicial notice of Petitioner's prior cases. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2

possession with intent to distribute marijuana. [*Id.*, Docket Entry 212.] Petitioner was also sentenced to an eight year term of supervised release for one count of possession with intent to distribute crack cocaine; a six year term of supervised release for two counts of possession with intent to distribute cocaine; and a four year term of supervised release for three counts of possession with intent to distribute marijuana and one count of possession of a firearm by a previously convicted felon. [*Id.*] Petitioner asserts that the Florida District Court found him qualified as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e) and sentenced him under the provisions of § 924(e) and Section 4B1.4 of the Sentencing Guidelines.³  [Doc. 1 at , 32.]  Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed the Florida District Court's order and denied the petition on September 1, 2005.  *United States v. Williams*, 146 F. App'x 425 (11th Cir. 2005).  The Supreme Court denied Petitioner's petition for writ of certiorari on February 21, 2006.  *Williams v. United States*, 546 U.S. 1202 (2006).

On February 5, 2007, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the Florida District Court. [Southern District of Florida No. 1:02-cr-20786-CMA-1, Docket Entry 265; Southern District of Florida No. 1:07-cv-20280-CMA, Docket Entry 1.] The court denied the motion to vacate, denied a motion pursuant to Rule 59(e) and Rule 52, and denied a motion for a certificate of appealability. [Southern District of Florida No. 1:07-cv-20280-CMA, Docket Entries 23, 26, 28.] Petitioner appealed, and on September 19, 2008, the Eleventh Circuit Court of Appeals granted a certificate of appealability on the limited issue of "[w]hether the district court erred in denying Williams's claim that counsel

---

³The Florida District Court's CM/ECF database does not include a full transcript of the sentencing hearing.

was ineffective for failing to timely advise the court that a defense witness had been threatened and intimidated by the government," but the court affirmed the conviction. *Williams v. United States*, 294 F. App'x 460 (11th Cir. 2008). The Eleventh Circuit denied a rehearing en banc, *Williams v. United States*, 309 F. App'x 387 (11th Cir. 2009) (table decision), and on April 27, 2009, the Supreme Court denied a petition for writ of certiorari. *Williams v. United States*, 556 U.S. 1215 (2009).

On September 4, 2012, Petitioner filed another motion to vacate pursuant to § 2255. [Southern District of Florida No. 1:02-cr-20786-CMA-1, Docket Entry 267; Southern District of Florida No. 1:12-cv-23218-CMA, Docket Entry 1.] The Florida District Court dismissed the motion for failure to obtain authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 and denied a certificate of appealability. [*Id.*, Docket Entries 15, 19.] Although Petitioner appealed, his appeal was dismissed pursuant to a motion for voluntary dismissal. [*Id.*, Docket Entry 22.]

On March 25, 2013, Petitioner filed a habeas corpus petition pursuant to § 2255. [Southern District of Florida No. 1:13-cv-21170-CMA, Docket Entry 1.] The Florida District Court denied the petition and denied a certificate of appealability. [*Id.*, Docket Entry 8.] The Eleventh Circuit denied the motion for a certificate of appealability [*id.*, Docket Entry 14], and the Supreme Court denied a petition for writ of certiorari [*id.*, Docket Entry 15].

**Instant Petition for Habeas Corpus**

On March 28, 2014, Petitioner filed in this Court a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[4] [Doc. 1.] Petitioner asserts that he is actually innocent of

---

[4]A petition filed pursuant to § 2241 must be filed by the prisoner in the district of his confinement, 28 U.S.C. § 2242; therefore, because Petitioner is currently confined at FCI

4

the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924, enhanced sentence because two of his prior convictions in Florida—for carrying a concealed firearm and battery of an officer—no longer qualify as predicate offenses under the ACCA in light of the Eleventh Circuit Court of Appeal's decisions in *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), and *United States v. Williams*, 609 F.3d 1168 (11th Cir. 2010). [Docs. 1 at 5–7; 26 at 3, 5.] Petitioner seeks a new sentencing hearing.[5] [Doc. 1 at 7.]

## APPLICABLE LAW

### Liberal Construction of Pro Se Petition

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court

---

Estill [Doc. 1 at 1], he must file his § 2241 petition in the United States District Court for the District of South Carolina.

[5]In his supplement, Petitioner argues that the Fourth Circuit Court of Appeals' decision in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), allows him to challenge his career offender status in a § 2241 petition. However, the *Whiteside* opinion was vacated by the Fourth Circuit's decision to rehear the case en banc, *Whiteside v. United States*, 578 F. App'x 218 (4th Cir. 2014) (unpublished opinion), and the subsequent en banc opinion does not address § 2241, *Whiteside v. United States*, --- F.3d ---, No. 13-7152, 2014 WL 7245453 (4th Cir. Dec. 19, 2014).

5

may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion for Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's

position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004); *United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself"). A petition pursuant to § 2241 challenging the execution of a federal prisoner's sentence generally addresses "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citing *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997)); *see also Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers."). A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004), and "in the district of confinement rather than in the sentencing court," *Miller*, 871 F.2d at 490.

## DISCUSSION

As stated, Petitioner challenges the enhancement of his sentence under the ACCA. However, Petitioner fails to establish that the Court should allow him to proceed under § 2241.

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "It is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice*, 617 F.3d at 807 (quoting *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Section 2255 is inadequate or ineffective if:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 334 (4th Cir. 2000).

The Fourth Circuit has not extended the reach of the savings clause to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008). Additionally, the Fourth Circuit Court of Appeals has affirmed a district court order holding that a petitioner could not challenge a sentence enhancement through § 2241. *Rouse v. Wilson*, 584 F. App'x 76, at *1 (4th Cir. 2014) (unpublished opinion), *affirming Rouse v. Wilson*, No. 1:13-CV-748-GBL-TRJ (E.D. Va. Feb. 19, 2014) (holding a petitioner could not proceed with his claims under § 2241 to challenge the career offender enhancement); *see also Farrow v. Revell*, 541 F. App'x 327 (4th Cir. 2013) (unpublished opinion) (holding that a petitioner's challenge to the ACCA sentence enhancement was not cognizable under § 2241 via § 2255(e)). In light of the holdings of the Fourth Circuit Court of Appeals, the Court finds that Petitioner's challenge to his sentence enhancements under the ACCA is not appropriate for review under § 2241.[6] Accordingly, the Petition does not establish that § 2255 is inadequate or ineffective to test the legality of Petitioner's detention. Thus, summary judgment is appropriate.

---

[6] Petitioner's reliance on *Farrow* for the proposition that his actual innocence claim satisfies the *Jones* test and is, therefore, cognizable in a § 2241 petition is misplaced. In *Farrow*, the Fourth Circuit Court of Appeals held that a petitioner's claim that he was actually innocent of his *underlying conviction* of being a felon in possession of a firearm was cognizable under § 2241 through the savings clause of § 2255. 541 F. App'x 327. However, the court specifically held that the petitioner's challenge to his armed career criminal status was not cognizable in a § 2241 petition. *Id.* Here, Petitioner has failed to argue or demonstrate that the conduct for which he was *convicted*—possessing with intent to distribute five grams or more of cocaine base; possessing with intent to distribute cocaine; possessing with intent to distribute marijuana; and possessing a firearm and ammunition—has been deemed non-criminal by any substantive law change since his direct appeal or § 2255. Rather, Petitioner argues he should not be subject to the armed career criminal sentencing enhancement because several of the offenses used to enhance his sentence no longer qualify as predicate offenses. Thus, Petitioner cannot satisfy the second element of the *Jones* test.

**RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

January 22, 2015
Greenville, South Carolina