IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Joseph Williams, ) | |
| ) | Civil Action No. 8:14-cv-1195 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Andrew Mansukhani, ) | |
| ) | |
| Respondent. ) | |

Petitioner, proceeding *pro se*, is a federal prisoner seeking relief under 28 U.S.C. § 2241. Respondent has answered the petition and moved for summary judgment in his favor. (ECF No. 23). Petitioner responded to the motion for summary judgment. (ECF No. 26). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., all pre-trial proceedings were referred to a magistrate judge. This case is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Respondent's motion for summary judgment. (ECF No. 29). Petitioner filed timely objections to the Report, (ECF No. 34). Accordingly, this matter is now ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

Petitioner filed his § 2241 petition pursuant to the savings clause of 28 U.S.C. § 2255 in order to challenge his Armed Career Criminal Act ("ACCA") enhanced sentence. (ECF No. 1).

He claims that he is "actually innocent of the ACCA enhanced sentence" because 11th Circuit[1] case law decided after his conviction establishes that the predicate crimes relied upon by the district court in sentencing Petitioner as an armed career criminal are no longer considered "crimes of violence" or "serious drug offenses" for purposes of ACCA sentence enhancement. (ECF Nos. 1, 34).

In *Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. 2013) (unpublished), the petitioner filed a petition for habeas relief pursuant to § 2241, alleging that "he was actually innocent of being a felon in passion of a firearm[, the underlying conviction,] and of being an armed career criminal." The Fourth Circuit held the petitioner could challenge the underlying basis of his conviction in accordance with the rule set forth in *In re Jones*, 226 F.3d 328 (4th Cir. 2000), but he could not challenge his ACCA sentence enhancement under § 2241. *Id.* at 328-29; *see also United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.").

Because Petitioner only argues that he is innocent of the ACCA sentencing enhancement and he does not claim that he is actually innocent of the underlying conviction, he cannot proceed under § 2241, and the Government's motion for summary judgment should be granted. *See* (ECF Nos. 1, 26, 34). In sum, the court finds that the Report's analysis is thorough and accurate and, therefore, adopts the Report and incorporates it herein in its entirety. Accordingly, the respondent's motion for summary judgment (ECF No. 26) is **GRANTED** and the petition is **DENIED**.

---

[1] Petitioner was tried and convicted in the United States District Court for the Southern District of Florida. (ECF No. 29 at 2). He is, however, serving his sentence in South Carolina. (ECF No. 29 at 2).

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 10, 2015
Anderson, South Carolina